IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cr. No. 07-20403-STA |
| ) | |
| FREDDIE NORMENT, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNT FOUR**

Before the Court is Defendant Freddie Norment's Motion to Sever Count Four from the Indictment (D.E. # 42) filed on February 18, 2009. The government has responded in opposition. For the reasons set forth below, the Motion is **DENIED**.

**BACKGROUND**

On November 20, 2008, a grand jury for the Western District of Tennessee returned a four-count superseding indictment against Defendant Freddie Norment charging him with two counts of being a felon in possession of a hand-gun in violation of 18 U.S.C. § 922(g) and two counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1).[1]

Defendant filed the instant Motion to have Count 4, one of the two 922(g) counts,

---

[1] The original indictment against Defendant was returned on December 19, 2007.

severed from the indictment for a separate trial. Defendant argues that Counts 1, 2, and 3 all relate to the same incident which occurred on February 9, 2007. Count 4, however, stems from an unrelated incident on August 22, 2006. Because Count 4 is unrelated to Counts 1, 2, and 3, Defendant contends that proof of Count 4 will prejudice the trial of the rest of the counts against him in this indictment. According to Defendant, Rule 8(a) of the Federal Rules of Criminal Procedure permits more than one offense to be charged in a single indictment. If the counts are improperly joined, prejudice may result where the misjoinder "had a substantial and injurious effect of influence in determining the jury's verdict."[2] Furthermore, Fed. R. Crim. P. 14 allows the Court to order severance if joinder of the offenses is so prejudicial that it outweighs the interests of judicial economy and efficiency. Defendant argues that evidence of Count 4 will substantially prejudice the trial of the other counts of the indictment. Therefore, the Court should sever Count 4 from the indictment and try it separately.

The government responds in opposition that the Federal Rules of Criminal Procedure have authorized indictments charging multiple offenses "to ensure that offenses that are similar in nature, or part of a continuing transaction, should be adjudicated together."[3] The government contends that the proof related to Count 4 is not so different from the other counts so as to require severance. According to the government, the four counts are all related to two separate events with similar fact patterns where the defendant unlawfully possessed a gun and narcotics. Although only his drug possession on the February 9, 2007 occasion is charged in this

---

[2] Def.'s Mot. to Sever, Feb. 18, 2009, 2 (quoting *United States v. Lane*, 474 U.S. 438, 449 (1986)).

[3] Pl.'s Resp. to Mot. to Sever, Feb. 27, 2009.

indictment, "the illegal possession of drugs from each event, whether charged conduct or not, provide the motive for the § 922(g) counts." Both § 922(g) counts further involve similar proof that Defendant was a convicted felon at the time of the gun possession. Therefore, the government contends that severance is unnecessary and would lead to duplicative proceedings.

## ANALYSIS

When considering a motion to sever counts in an indictment charging multiple offenses, the Court must consider the propriety of joinder under Fed. R. Crim P. 8(a) and 14. First, the Court must determine whether joinder of the charges is proper under Fed. R. Crim. P. 8(a). Second, the Court must consider whether joinder will prejudice a defendant pursuant to Fed. R. Crim. P. 14.

As to the first analysis under Rule 8(a), a defendant may be charged with multiple offenses in the same indictment if the offenses "are of the same or similar character, based on the same act or transaction or on two or more acts of transactions connected together or constituting parts of a common scheme or plan."[4] Defendant argues that the proof of Count 4, the August 22, 2006 § 922(g) count, is unrelated to the other counts and that the proof of Count 4 will be "considerably different." The Court finds that Defendant's argument is without merit. The two separate § 922(g) counts are "of the same or similar character" as defined under Rule 8(a). Both counts are brought under the same statute and charge Defendant with being in possession of a firearm. Both counts require similar proof, namely, proof of possession and proof of a prior felony conviction. According to the government, the proof will show that Defendant was

---

[4] Fed. R. Crim. P. 8(a); *United States v. Hang Le-Ty Tran*, 433 F. 3d 472 (6th Cir. 2006).

arrested on the two occasions carrying a firearm in violation of § 922(g) as well as illegal narcotics. Thus, the two counts appear to be "of the same or similar character." Therefore, the joinder of the charges is proper in this case.

Even where joinder is proper, the Court must still consider the possible prejudice to Defendant under Fed. R. Crim. P. 14. In this case the Court finds that severance under Rule 14 is unwarranted. A defendant is prejudiced if the jury would be unable to keep the evidence from each offense separate and unable to render a fair and impartial verdict on each offense.[5] In order to successfully appeal a misjoinder, a defendant must "clearly demonstrate[] compelling prejudice."[6] "The movant must prove that joinder would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence."[7] The Sixth Circuit has counseled that any error resulting from misjoinder is almost always harmless where the Court issues a careful limiting instruction to the jury.[8] Prejudicial joinder is even more unlikely "where it would not have been difficult for the jury to compartmentalize and distinguish the evidence concerning the different offenses charged."[9] In this case, Defendant moves to sever one § 922(g) count from the other counts in the indictment, arguing without further elaboration

---

[5] *United States v. Rox*, 692 F.2d 453 (6th Cir. 1982).

[6] *United States v. Fischl*, 797 F.2d 306 (6th Cir. 1986).

[7] *Hang Le-Ty Tran*, 433 F. 3d at 478 (citing *Zafiro v. United States*, 506 U.S. 534, 539, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993)).

[8] *United States v. Cody*, 498 F.3d 582 (6th Cir. 2007) (approving lower court's instruction which mirrored 6th Cir. Pattern Instruction 2.01A). *See also United States v. Jacob*, 244 F.3d 503 (6th Cir. 2001).

[9] *Cody*, 498 F.3d at 588 (quoting *United States v. Chavis*, 296 F.3d 450, 462 (6th Cir. 2002).

or explanation that joinder will prejudice him. The Court finds that the proof of Count 4 and the proof of the other counts are not so complex that it will be difficult for the jury to compartmentalize the proof of the separate counts. In the absence of any showing of prejudice from Defendant, the Court holds that joinder of the charges in the indictment will not result in prejudice against him pursuant to Rule 14.

Having held that joinder is proper and has not resulted in demonstrable prejudice to Defendant, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 27th, 2009.